PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 26 2008

at __ o'clock and 45 min. P M.
SUE BEITIA, CLERK

# United States District Court

## for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  KYLE YASUSHI MASAOKA    Case Number:  CR 04-00325SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence:  6/23/2005

Original Offense:    <u>Count 1</u>:  ATTEMPTED ROBBERY AFFECTING INTERSTATE COMMERCE, in violation of 18 U.S.C. § 1951, a Class C felony

Original Sentence:  Thirty-three (33) months imprisonment to be followed by three (3) years supervised release with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment; 2) That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information; 3) That the defendant participate in a mental health program at the discretion and direction of the Probation Office; and 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Type of Supervision:  Supervised Release       Date Supervision Commenced:  7/3/2007

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

General Condition:    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Special Condition No. 5:    That the defendant is prohibited from the possession and use of alcohol.

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition and Hawaii Revised Statutes § 291E-61 | That on or about 9/22/2007, the offender engaged in conduct constituting a single count of Operating a Vehicle Under the Influence of an Intoxicant. |
| 2. Special Condition No. 1 | On or about 9/22/2007, the offender possessed and used alcohol while participating in substance abuse treatment. |

The offender began his drug treatment regimen on 7/3/2007 at the Drug Addiction Services of Hawaii, Inc. (DASH), Hilo, Hawaii, and has been on supervision for approximately 7 months.

On 10/1/2007, the offender informed this officer that he had been arrested for Operation of a Vehicle While Under the Influence of an Intoxicant (OVUII). In this regard, the offender indicated that he had consumed alcohol while with his grandfather (Violation No. 2). He subsequently drove a friend home and was stopped by the Hawaii County Police Department (HCPD) and arrested for OVUII (Violation No. 1). The offender appeared remorseful in that he apologized for his actions. This officer admonished the offender and instructed him to desist from any driving as he did not possess a valid license. He was also instructed to participate in a mental health assessment at Adult Mental Health - Hilo. The offender was then informed that he was in violation of his supervised release.

Prob 12B
(7/93)

3

On 10/25/2007, this officer reviewed the HCPD arrest report. The arrest report indicates that on or about 9/22/2007, an HCPD officer heard the screeching of tires and the revving of an engine while parked near the Jan's Store parking lot in the Honomu area of Hilo. The officer subsequently observed a small pickup truck take a sharp turn near the store at a high rate of speed in excess of the 25-mile per hour limit. The driver nearly lost control of his vehicle and crossed the white solid line located at the shoulder of the road and nearly struck a yellow hazard cone. The driver of the pickup was identified as the offender, Kyle Yasushi Masaoka.

Upon approaching the offender's vehicle, the officer noted that the offender had red, glassy eyes, slurred speech, redness to his facial area, and the smell of an alcoholic beverage emanating from his breath. The offender was then ordered out of his vehicle and agreed to perform a field sobriety test. The offender failed the Horizontal Gaze Nystagmus test and thereafter refused to undergo the two other portions of the field sobriety test. The offender was subsequently arrested and transported to HCPD where he was given the opportunity to submit to a breath intoxilyzer or provide a blood sample. The offender declined both the breath intoxilyzer and blood test.

On 1/9/2008, the offender pled guilty to the State of Hawaii OVUII charge. The offender took responsibility and was sentenced to a $150 fine in addition to $412 in fees. The offender was also ordered to complete a 14-hour Alcohol Attack Rehabilitation Program (AARP) and receive an Alcohol Assessment and treatment until clinically discharged. Furthermore, the offender has complied with this officer's instruction to submit to a reassessment at Adult Mental Health - Hilo. Additionally, the offender's substance abuse counselor at DASH has indicated that the state's 14-hour AARP program and Alcohol Assessment are better able to address the offender's needs in terms of dealing with any alcohol related problems. This officer has confirmed with the State of Hawaii's District Court that the offender is in compliance with his conditions.

Despite the offender's recent possession/use of alcohol and law violation, the offender has made an effort to comply with the conditions of his supervision. Between July 2007 and November 2007, the offender's urine specimens have tested negative for illicit substances, and the offender attended all required counseling sessions at DASH - Hilo. Furthermore, the offender was referred for mental health aftercare with Dr. Gregory Turnbull, who previously reported that the offender presented no mental health concerns. Since his release, the offender has resided with his mother and father in the Akaka Falls area of Honomu, Hawaii. While residing at Mahoney Hale, the offender was gainfully employed as an asbestos abatement technician with the labor union in Honolulu. Upon returning to the island of Hawaii, however, the offender's lack of a driver's license, absence of telephone service, and geographic isolation has made full-time employment challenging. However, the offender was able to secure employment in masonry work until a recent documented hernia injury.

Prob 12B
(7/93)

4

Based upon these factors, we believe that the imposition of the restrictive conditions outlined above will sufficiently correct and control the offender's recent behavior.  We are not inclined at this time to move for revocation; however, this officer shall monitor the offender's progress and report to the Court for further guidance if necessary.

In light of the offender's recent law violation, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition (U.S. vs. Stephens) as noted above.  The modification of this mandatory condition and the addition of the alcohol prohibition will provide the Probation Office with the necessary tools to monitor the offender and protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release.  The offender waives his right to a hearing and to assistance of counsel.  The offender agrees to the modifications of the conditions of supervised release.  Assistant Federal Public Defender Shanlyn A. Park and the Assistant U.S. Attorney Marshall H. Silverberg have been notified of the proposed modifications and have no objections to the modifications.

Respectfully submitted by,

KEVIN S. TERUYA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  2/22/2008

Prob 12B
(7/93)

THE COURT ORDERS:

[✓]    The Modification of Conditions as Noted Above
[  ]    Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

2/25/08
_____
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: KYLE MASAOKA

Date: 11-6-07

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[X]   To modify the conditions of supervision as follows:

**General Condition:**   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.*   *KM*

**Special Condition No. 5:**   *That the defendant is prohibited from the possession and use of alcohol.*   *KM*

Witness: _____

Signed: _____

__11-6-07__
Date